**In the Matter of BRISTOL ASSOCI-
ATES, INC., Debtor.**

**No. 72-276.**

United States District Court,
E. D. Pennsylvania.

Dec. 20, 1973.

Lewis H. Gold, Philadelphia, Pa., for receiver of Bristol.

Howard T. Glassman, Philadelphia, Pa., for Girard Trust Bank.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is a petition for review of the decision and Order of the Honorable Thomas J. Curtin, Bankruptcy Judge. Girard Bank originally filed a reclamation petition with the Bankruptcy Court seeking to recover from the Receiver the amounts paid monthly by the Commonwealth of Penn-

sylvania to the Receiver for the rental of a state liquor store which occupies premises leased from the debtor, Bristol Associates, Inc. The basis of Girard's claim is that the lease between the debtor and the Commonwealth of Pennsylvania was assigned to Girard as security ·for a loan to the debtor. The Receiver opposed Girard's petition on the ground that the assignment of the lease and the rentals thereunder created a security interest in personal property and that Girard failed to file a financing statement to perfect its security interest, thus making Girard's claim invalid as against the Receiver.

The Receiver also filed a counterclaim to recover the sum of $750 from Girard. This amount, representing one month's rent received from the state liquor store, was paid by the Receiver to Girard subsequent to the filing of the Chapter XI petition. The Receiver alleges that in the absence of a perfected security interest, Girard. must be considered as a general, unsecured creditor and not entitled to receive this payment.

The Bankruptcy Court denied Girard's reclamation petition and ordered the petitioner to return to the Receiver the $750 which had previously been paid under the Receiver's mistaken assumption that Girard's security interest in the lease had been perfected.

### Discussion

The parties have filed a stipulation which sets forth the relevant facts. In January, 1971, the debtor delivered to Girard its promissory note in the amount of $185,000. This note provides that as security for the payment of the obligation the debtor pledges with Girard "the Commonwealth's Pennsylvania Liquor Control Board lease for State Store # 9112—10 yrs."

By agreement dated January 28, 1971, the debtor did "assign, transfer and set over unto Girard Trust Bank all of its right, title and interest, in and under an agreement of lease dated September 29, 1969" between the debtor and the Commonwealth of Pennsylvania. The agree-

ment further provides that none of the duties under the lease are assigned to Girard, and Girard does not assume any duties under the lease. The agreement does, however, specifically provide that "it secures the undertakings" of the debtor to Girard, and that the assignment shall be null and void at such time as the principal and interest on the note, and all other charges due the bank, have been paid in full.

Girard Bank did not file a financing statement or any other document with any recording officer in the Commonwealth of Pennsylvania setting forth its interest in the lease agreement between the debtor and the Commonwealth of Pennsylvania or the rentals due thereunder. The bank contends that the assigning of the lease, and the rents thereunder, is not included within the coverage of Article 9 of the Uniform Commercial Code; hence, there was no necessity to file a financing statement to perfect its interest in the lease.

■ The issue presented for this Court's determination is whether assignment of a lease, and the rentals due thereunder, for the purpose of securing the payment of a promissory note creates a security interest in personal property within the meaning of Article 9 of the Uniform Commercial Code.

Article 9–102(1) provides that, with certain exceptions enumerated in Article 9–104, Article 9 applies to any transaction which is intended to create a security interest in personal property or fixtures. "Security interest" is defined in Article 1–201(37) as an interest in personal property or fixtures which secures payment or performance of an obligation.

The transaction between Girard and the debtor was intended to and did in fact create a security interest in the assigned rentals. The note provides that the debtor assigned the lease with the state liquor store "as security for the payment of this note." The agreement of assignment provides that the assignment "secures the undertakings" of the

debtor in the note, and that the assignment shall be null and void upon payment of the amounts due or a new note. The purpose of the assignment of the lease was to secure the payment of a promissory note, thus satisfying the initial requirement of Article 9–102(1) that the transaction be entered into for the purpose of creating a security interest.

To come within the coverage of Article 9, the transaction in question must create a security interest in personal property; under Pennsylvania law, which governs this case, a lease is personal property. Wilford v. Dickey, 196 Pa.Super. 468, 175 A.2d 98 (1961); J. Stern, Trickett on the Law of Landlord and Tenant in Pennsylvania (3rd ed.), p. 2. Consequently, a security interest in personal property was created by the assignment to Girard of the lease agreement and the rentals thereunder. Accordingly, the provisions of Article 9 are applicable to the instant transaction. See, 1 Gilmore, Security Interest in Personal Property, § 10.8, p. 312 fn 3.

Girard Bank argues that Article 9–104(j) excludes the assignment of the rentals due the debtor from the Commonwealth of Pennsylvania. Subsection (j) provides that, "This article does not apply . . . to the creation or transfer of an interest in or a lien on real estate, including a lease or rents thereunder." The purpose of this provision is to exclude from Article 9 the creation or transfer of an interest in real estate. However, the assignment of the lease or the assignment of the rentals thereunder did not create an interest in real estate, but rather provided Girard with a security interest in the lease and rentals due thereunder. The debtor did not transfer to Girard any interest in the real estate. The debtor maintained full ownership of the property involved, which is now occupied by the state liquor store. The assignment expressly recognizes that none of the obligations of the debtor under the lease are assigned to or assumed by Girard. As indicated above, upon payment of the amount due under the note, the assignment agreement will be null and void.

■ This Court does not hold that a lessor of real estate must file a financing statement in order to protect his interest in the rentals due from the lessee under the terms of the lease. This is exactly the type of transaction which Article 9–104(j) excluded from the coverage of Article 9. The Court does hold, however, that an assignment by the lessor of the lease and the rentals thereunder to secure the performance of an obligation creates a security interest in personal property within the meaning of Article 9.

■■ Girard failed to perfect its security interest in the lease and the rentals thereunder by filing a financing statement. Article 9–301(1)(b) of the Uniform Commercial Code provides that an unperfected security interest is subordinate to the rights of a lien creditor. Article 9–301(3) defines a lien creditor to include a trustee in bankruptcy from the date of the filing of the petition under the Bankruptcy Act. For the purposes of this litigation, the Receiver appointed to operate the business of Bristol Associates, Inc., the debtor herein, occupies the same position and is the equivalent to a trustee in bankruptcy. The interest of Girard in the lease is, therefore, subordinate to the interest of Receiver in such property.

Accordingly, the decision of the Bankruptcy Court denying the reclamation petition of Girard Bank and ordering Girard to return to the Receiver the $750 already advanced will be affirmed.